**Archie V. JACKSON, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT, Roger Toussaint, President, TWU Local 100,\* Defendants–Appellees.**

No. 08–2021–cv.

United States Court of Appeals, Second Circuit.

Oct. 14, 2009.

Archie V. Jackson, Jamaica, N.Y., pro se.

Daniel R. Bright, Schwartz, Lichten & Bright, P.C., New York, N.Y.; Richard Schoolman, (Carol Sharpe, on the brief)

---

\* Although the complaint names Roger Toussaint as a defendant, the district court construed the complaint as naming Toussaint in his official capacity. Jackson does not contest this on appeal.

New York City Transit Authority, Brooklyn, NY, for Appellees.

PRESENT: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges and GERARD E. LYNCH,** District Judge.

### SUMMARY ORDER

Appellant Archie V. Jackson, appearing *pro se*, appeals the district court's judgment dismissing his claim for breach of the duty of fair representation against Local 100 of the Transport Workers Union ("Local 100"), and granting summary judgment dismissing his claims of age, disability, and race discrimination, as well as his claim of unlawful retaliation against Local 100 and the New York City Transit Authority ("NYCTA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I. Duty of Fair Representation Claim

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). Our review of the record reveals that the district court properly granted Local 100's motion to dismiss Jackson's duty of fair representation claim as barred by the applicable four-month statute of limitations. *See* N.Y. C.P.L.R. § 217(2)(a).

### II. Discrimination Claims

We review an order granting summary judgment *de novo*, and consider whether the district court properly concluded that

there were no genuine issues of material fact, and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

### A. Age and Disability Claims

Jackson does not make any argument concerning the grant of summary judgment as to his age or disability discrimination claims, and, as a result, he has waived them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (noting *pro se* appellant abandoned claim by not raising it in his appellate brief).

### B. Race Claims

In order to make out a *prima facie* case of discrimination in violation of Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he performed the job satisfactorily; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once a plaintiff has properly alleged a *prima facie* case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse employment decision. *See Shumway v. United Parcel Serv.*, 118 F.3d 60, 63 (2d Cir.1997); *see also McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation. *See McDonnell Douglas*, 411 U.S. at 804–05, 93 S.Ct. 1817. "Thus, once the employer has proffered its nondiscriminatory reason, the employer

---

** The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

will be entitled to summary judgment … unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) (citations omitted).

█ Our review of the record reveals that the district court properly granted Local 100's and the NYCTA's motions for summary judgment with regard to Jackson's race discrimination claims because Jackson did not put forth any evidence from which a reasonable juror could conclude that the actions of either defendant was motivated by discriminatory animus. Indeed, the list of those promoted showed that there were many black employees who were promoted, as well as white employees who were not promoted at first, and that the only other person from the long list of eligible candidates who did not eventually receive a promotion was white. Accordingly, the district court properly granted the defendants' motions for summary judgment with respect to Jackson's race discrimination claim.

### C. Retaliation

To establish a *prima facie* case of retaliation under Title VII, a plaintiff is required to show by a preponderance of the evidence that: (1) he participated in a protected activity, (2) the defendant knew of the protected activity; (3) he experienced an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir.2001). The *McDonnell Douglas* burden shifting analysis applies to retaliation claims brought pursuant to Title VII. *See Terry v. Ashcroft*, 336 F.3d 128, 140–41 (2d Cir.2003). Accordingly, if a plaintiff properly alleges a *prima facie* case of retaliation, and the employer proffers a legitimate, non-retaliatory reason for the challenged employment decision, the plaintiff must present evidence that would be sufficient to permit a rational jury to conclude that the employer's explanation is merely a pretext for impermissible retaliation. *See Cifra*, 252 F.3d at 216 (citations omitted).

█ Here, the district court properly found that Jackson failed to rebut the NYCTA's legitimate, non-retaliatory reason for his non-promotion—his attendance record and his two disciplinary suspensions. Jackson offered no evidence that would permit a reasonable fact-finder to infer that the NYCTA's stated reason was pretextual. Accordingly, the district court properly granted the defendants' summary judgment on this claim. To the extent Jackson alleged that he had a long-term illness that should have excused his absences, his own evidence contradicted that claim. He did not claim that he was absent in 1997, 1998, or 1999 as a result of his back problem. Moreover, he was the only candidate for promotion whose disciplinary record included a suspension.

### III. Appointment of Counsel

The district court did not abuse its discretion in denying Jackson's motion for appointment of counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

We have carefully reviewed the Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.